JS-6; O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|----------|----------------------|------|----------------|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|------------------------|-------------------------------------|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

Plaintiff Compton Unified School District ("the District") filed this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 84 Stat. 175, as amended, 20 U.S.C. §§ 1400, *et seq.* (2000 ed. and Supp. IV), to appeal the December 1, 2008 decision of the California Office of Administrative Hearings ("OAH") regarding student A.F.'s ("Student") access to a "free and appropriate public education" ("FAPE"). The OAH Decision found that the District had denied Student a FAPE for the 2007-08 school year by failing to timely assess him in all areas of suspected disability, and failed to provide Student a FAPE during the 2007-08 and 2008-09 school years by failing to develop appropriate behavioral goals and provide appropriate services and placement.

The District contends that the OAH decision should be reversed for two reasons. First, the District argues that it did not fail to timely assess Student for emotional disturbance ("ED"), and that even if there was such a delay or failure, Student was not denied a FAPE. Second, the District argues that the Administrative Law Judge ("ALJ") erred in allowing Student to broaden the issues in the due process hearing beyond the scope of the due process complaint.

For the following reasons, the Court AFFIRMS the decision of the OAH.

## I.     FACTS

### A.     Background Facts

The ALJ presented the facts of the case in great detail in her 44-page decision. She

JS-6;  O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

provided a detailed chronological account of Student's behavior as reported by his teachers, the school principal ("Principal)," the school counselor, and Student's grandparents ("Grandparents") and the steps taken by these individuals in response to Student's behavioral problems. (*See* OAH001347-90.) Many of the ALJ's findings depended on the sequence of various events that unfolded over the course of the 2007-2008 academic year; therefore, the Court provides the following timeline for ease of reference:

| Date | Event |
|---|---|
| Sept. 4, 2007 | Student attends first day of class at his assigned public elementary school. (OAH001349.) |
| Oct.  9, 2007 | Student's teacher, Ms. McCruter, prepares a note for Grandparents describing examples of Student's disruptive behavior.  Ms. McCruter provides copy of note to Principal. (OAH001350.)<br><br>Student's grandmother informs Ms. McCruter that Student might have Attention Deficit Hyperactivity Disorder ("ADHD").  (OAH001350.) |
| Nov. 21, 2007 | Ms. McCruter completes Vanderbilt Teacher Behavior Evaluation Scale ("Vanderbilt Scale"), which indicates that Student has behavioral problems.  (OAH001351.) |
| Nov. 29, 2007 | Student's pediatrician prepares letter to Student's teacher requesting a complete evaluation by the school psychologist to determine if Student required a plan pursuant to Section 504 of the Rehabilitation Act of 1973 ("504 Plan") to address his behavioral problems. (OAH001352.) |
| Dec. 13, 2007 | Student Support Team ("SST") meeting held and attended |

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

| | by Principal, Mr. Byron Wilson (the school psychologist), the school counselor, the school speech and language pathologist, Grandparents, and Ms. McCruter. (OAH001353.) |
|---|---|
| Dec. 17, 2007 | Student becomes "extremely violent" at school, engaging in disruptive and aggressive behavior. (OAH1353-54.) |
| Dec. 21, 2007 | Principal and Ms. McCruter compose memorandum memorializing Student's December 17 violent outburst. (OAH001354.)<br><br>Winter recess. |
| Jan. 4, 2008 | Grandparents send letter to Principal informing him that Student had been prescribed medication for his ADHD on January 2, 2008.  Letter requests that school prepare an IEP and makes another request for a 504 Plan. (OAH001355.) |
| Jan. 12, 2008 | Grandfather makes second written request for an "IEP including a 504 Plan." (OAH001355.) |
| Jan. 25, 2008 | Second Quarter ends; report card prepared. (OAH001355.) Report card reflects Ms. McCruter's concerns about Student's behavior, and states that Student continues to "need improvement" in a number of areas, including: following rules, cooperating with adults, exercising self-control, taking responsibility for his own actions, and working and playing well with others.  (OAH001355-56.) |
| Early Feb. 2008 | Student bites Ms. McCruter and is transferred into class of another teacher, Mr. Slechter. (OAH001356.) |
| | |

JS-6; O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

| | |
|---|---|
| Feb. 7, 2008 | Mr. Wilson prepares "initial assessment plan" ("IAP") and submits it to Grandparents. Assessment plan indicates that IEP is due on April 7, 2008. (OAH001357.) |
| Feb. 8, 2008 | Grandparents make written request for a "Functional Analysis Assessment" ("FAA"). (OAH001357.) |
| Feb. 20, 2008 | At Mr. Wilson's request, Grandparents complete Structural Development History of the Behavior Assessment System for Children, Second Edition ("BASC-2-SDH"), in which they disclose that Student was diagnosed with ADHD and had various behavioral problems at home. (OAH001357-58.) |
| March 6 & 7, 2008 | Ms. McCruter completes "teacher report for IEP team" and "classroom performance screening." (OAH001358.) She notes that Student "angered easily, lost attention easily, although worked hard to focus, did not follow verbal directions, and would not do anything he did not want to do." |
| March 7, 2008 | Mr. Slecter Completes ADHD Test (for identifying individuals with ADHD). Results indicate that Student has a very high probability of having severe ADHD. (OAH001358.) |
| March 13, 2008 | Ms. McCruter completes ADHD Test. Ms. McCruter's responses indicate that student likely has ADHD. (OAH001359.) Mr. Wilson prepares Student's psychoeducational assessment report (the "initial assessment"), derived from |

JS-6; O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

| | |
|---|---|
| | his interview and observation of Student, information Grandparents supplied on the BASC-2-SDH, information Ms. McCruter supplied in the "teacher report," and the completed ADHD Tests.  (OAH001359.) |
| May 8, 2008 | Initial IEP team meeting held. (OAH001363.) |
| May 15, 2008 | Second IEP team meeting held.  All necessary members of the team are present.  Meeting adjourns with no offer of services or placement for Student, but team makes plans to conduct further assessment. (OAH001367-68) (At some point thereafter, psychiatric emergency team (PET) comes to student's home to interview him. (OAH001368.))<br><br>Following the May 15, 2008 meeting, Mr. Wilson prepares an additional psychoeducational report of Student's behavior and emotional status, which repeats his previous finding that Student was eligible for special education under the category of ADHD-Other Health Impaired.  Mr. Wilson also concludes that Student meets eligibility criteria for emotional disturbance. (OAH001368.) |
| June 1, 2008 | Grandparents complete Behavioral Assessment System for Children (BASC-2).  Results indicate that Student continues to exhibit clinically significant behaviors indicative of ADHD and a major depressive disorder. (OAH001368.)<br><br>Grandparents, Mr. Slechter, and the school counselor complete Scale for Assessing Emotional Disturbance (SAED), which is used to identify pupils who qualify for special education under the category of emotional disturbance (ED).  The results indicated that Student exhibited behavior indicative of ED. (OAH001369-70.) |

JS-6; O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

| | |
|---|---|
| June 12, 2008 | IEP team meets for a third time. Based on the IEP team discussion, the District offers Student placement in a Special Day Class ("SDC") at another school for the period from June 12, 2008 through June 12, 2009, and an aide in Student's classroom. |
| | Grandparents refuse to sign IEP at this time, explaining that they were awaiting assignment to a court appointed educational rights attorney who they wanted to consult with. Grandparents sign IEP one week later. (OAH001372-73.) IEP is to be reviewed in 30 days. |
| July 21, 2008 | IEP follow-up meeting scheduled but cancelled. Student files for due process. (OAH001374.) |
| December 1, 2008 | OAH issues decision. (OAH001347-90.) |

### B.   OAH Decision

The OAH decision was rendered on December 1, 2008 by Administrative Law Judge Eileen M. Cohn following hearings on October 10, 16, 22, 24, and 27, 2008. In the decision, the ALJ framed the issues as follows:

(1)   Whether the District failed to provide Student a FAPE by failing to timely assess Student in all areas of suspected disability, including behavior, health, and occupational therapy needs?

(2)   Whether the District failed to provide Student a FAPE during the 2007-2008 year by failing to:

(a)   develop goals and objectives that addressed all of Student's unique needs, including behavior, attention, compliance, and impulsivity;

(b)   provide a behavior support plan (BSP);

JS-6; O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | | Date | April 26, 2010 |
|---|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | | |

      (c)     provide appropriate services; and

      (d)     provide an appropriate placement.

(3)     Whether the District failed to offer Student a FAPE for the 2008-2009 school year by failing to:

      (a)     develop goals and objectives that addressed all of Student's unique needs, including behavior, attention, compliance, and impulsivity;

      (b)     provide a behavior support plan (BSP);

      (c)     provide appropriate services; and

      (d)     provide an appropriate placement.

(OAH001348, OAH Decision at 2.)

The ALJ found that Student had met his burden on all issues. With respect to issue one, the ALJ found the following:

- Grandparents did not intend to refer Student for a special education assessment prior to January 4, 2008. The January 4 and 12, 2008 letters, taken together, constituted Grandparents' initial referral of Student for special education assessment. (OAH001380.)

- The assessment plan should have been completed by January 28, 2008, but Mr. Wilson did not prepare an assessment plan until February 7, 2008 — nine days later. This procedural violation, however, did not result in denial of a FAPE. (OAH001380-81.)

- Nonetheless, Student met his burden of proof that District failed to assess Student in all areas of suspected disability related to his behavior. (OAH001381.) Specifically, the District denied Student a FAPE by failing to conduct an FAA ("Functional Analysis Assessment"), for which Grandparents referred Student on February 8, 2008. If timely conducted, the FAA would have been completed and discussed at the initial IEP team meeting on May 8, 2008.

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

- As a result of District's failure to conduct an FAA, critical assessment information was not available to the IEP team to develop measurable behavior goals, identify services and provide a placement that was consistent with Student's unique needs. (OAH001381; OAH Decision ¶ 23.)

- Given that Mr. Wilson was instructed by the Principal and IEP team at the May 8, 2008 IEP team meeting to prepare an additional assessment of Student's behaviors, he should have done so prior to June 1, 2008. "District's failure to fully assess Student's emotional needs before June 1, 2008 further delayed an educational program that addressed Student's severe behavior and emotional challenges." (OAH001382, OAH Decision ¶ 24.)

- District also failed to conduct a sufficiently comprehensive assessment to identify all of Student's needs whether or not commonly linked to ADHD. (OAH001382; OAH Decision ¶ 25.)

- Student did not meet his burden that District failed to assess Student's health. (OAH001383; OAH Decision ¶¶ 26-27.)

With respect to issues two and three (which the ALJ addressed together), the ALJ found:

- The record established that Student's behavioral challenges were well-documented, yet District failed to develop behavioral goals as part of the June 12, 2008 IEP. (OAH 1385; OAH Decision ¶ 36.)

- No appropriate behavior interventions, whether through a behavior support plan ("BSP") or behavioral intervention plan ("BIP")[1] were

---

[1] A BIP is part of an IEP that "is developed when the individual exhibits a serious behavior problem that significantly interferes with the implementation of the goals and objectives of the individual's IEP." Cal. Code Regs., tit. 5, § 3001(f).

JS-6;  O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

presented or discussed at the June 12, 2008 IEP team meeting. Additionally, as set forth in issue one above, District failed to conduct an FAA, and accordingly, the June 12, 2008 offer was wholly deficient.[2] Without these comprehensive assessments, the IEP team was deprived of the necessary information to determine what services to provide Student. (1386, OAH Decision ¶¶ 38-39.)

• District failed to offer or provide an appropriate placement in the least restrictive environment, because there was insufficient information about appropriate behavioral interventions. (OAH001386, OAH Decision ¶ 40.)

In terms of remedies, the ALJ ordered the District to keep Student in general education placement at his home school. (OAH001388, OAH Decision ¶ 46.) The ALJ further ordered the District to provide Student with a one-on-one aide with documented training in behavioral analysis. These measures were to remain in effect until the District and Grandparents agreed to another placement (or until it was determined at a due process hearing that the District had offered student a FAPE). (*Id.*) Additionally, the ALJ ordered the District to fund (1) an independent FAA, and if warranted by the FAA, a behavior intervention plan, and (2) a neuropsychological assessment to test whether Student's ADHD was co-morbid with other conditions that may impact the effectiveness of behavior interventions. (OAH001388, OAH Decision ¶¶ 47-48.) The ALJ further ordered the District to convene an IEP team meeting within 60 days to develop a complete and appropriate IEP.

## II.      APPLICABLE LEGAL PRINCIPLES

### A.          FAPE and IEP General Requirements

A FAPE requires special education services to be provided at public expense including an appropriate education that conforms with the IEP. *See* 20 U.S.C § 1401(9). Special education is "specially designed instruction, at no cost to parents, to meet the unique needs of a child with a disability." 20 U.S.C. § 1401(29).

---

[2] An FAA is used to formulate a BIP. *See* Cal. Code Regs., tit. 5, § 3052(a)(3) (stating that BIPs "shall be based upon a functional analysis assessment . . .").

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

The State must identify, locate, and evaluate all children with disabilities in the State. *See* 20 U.S.C. § 1412(a)(3); *see also* Cal. Educ. Code § 56301. An initial assessment must be performed to determine whether the child is disabled. *See* 20 U.S.C. § 1414(a)(1). A child with a disability includes those with a variety of impairments, including speech or language impairments, visual impairments, serious emotional disturbances, orthopedic impairments, autism, and other health impairments, or specific learning disabilities. *See* 20 U.S.C. § 1401(3)(A).

Based on the assessment, a team of qualified professionals and the parents determine if the child is disabled. *See* 20 U.S.C. § 1414(b)(4). The IEP team includes the parents of the disabled child, at least one of the child's regular education teachers, at least one special education teacher, a representative of the local educational agency, and, whenever appropriate, the disabled child. *See* 20 U.S.C. § 1414(d)(1)(B). *See also* Cal. Educ. Code § 56341. The team must include at least one teacher or specialist with knowledge in the suspected area of disability. *See Seattle Sch. Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1499 (9th Cir. 1996). An IEP must be developed, reviewed and revised for each disabled child. *See* 20 U.S.C. § 1412(a)(4). The IEP must be implemented as soon as possible after its completion. *See* 5 C.C.R. § 3040.

In determining the educational placement of a disabled child, the public agency must ensure that the placement is determined at least annually, is based on the child's IEP, and is as close as possible to the child's home. 34 C.F.R. § 300.116(b). "To the maximum extent appropriate, children with disabilities . . . are educated with children who are not disabled, and special classes, separate schooling, or other removal of children with disabilities from the regular educational environment occurs only when the nature or severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily." 20 U.S.C. § 1412(a)(5); *see also Board of Education v. Rowley*, 458 U.S. 176, 202 (1982) (describing the "mainstreaming" preference of the IDEA).

A FAPE is provided if the program (1) meets the student's unique needs, (2) provides educational benefit by providing adequate support services for the child to take advantage of educational opportunities, and (3) comports with the IEP. *See Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 893 (9th Cir. 1995) (citing *Rowley*, 458 U.S. at 188-89). The State is not required to furnish "every special service necessary to

JS-6;  O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

maximize each handicapped child's potential." *Rowley*, 458 U.S. at 199. "An 'appropriate' education does not mean the absolutely best or 'potential-maximizing' education for the individual child." *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1314 (9th Cir. 1987).

A court may order reimbursement for a private placement if the court determines that the private placement was proper and that the public placement was inappropriate. *See School Comm. of Burlington v. Dept. of Educ.*, 471 U.S. 359, 370 (1985); *see also Gregory K.*, 811 at 1315. Parents who "unilaterally change their child's placement during the pendency of review proceedings, without the consent of state or local officials, do so at their own financial risk. If the courts ultimately determine that the IEP proposed by the school officials was appropriate, the parents would be barred from obtaining any reimbursement for any interim period." *Burlington*, 471 U.S. at 373-74.

### B.   IDEA Procedures

Parents may file a complaint regarding whether their child is receiving a FAPE and whether they are entitled to an impartial due process hearing to be conducted by the State educational agency. *See* 20 U.S.C. § 1415(f). "The School District has the burden of proving compliance with IDEA at the administrative hearing, including the appropriateness of its evaluation and its proposed placement." *Seattle Sch. Dist., No. 1*, 82 F.3d at 1498.

### C.   Judicial Review

Any party aggrieved by the findings and decision rendered in the due process hearing has the right to bring a civil action in State court or federal district court. *See* 20 U.S.C. § 1415(i)(2)(A). The court, "in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). The burden of proof lies with the party challenging the due process hearing decision. *See Seattle Sch. Dist.*, 82 F.3d at 1498 (citing *Clyde K. v. Puyallup Sch. Dist.*, 35 F.3d 1396, 1399 (9th Cir. 1994)).

Compliance with IDEA is reviewed *de novo*. *See Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993) (citing *Gregory K.*, 811 F.2d at 1314); *see*

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

*also Seattle Sch. Dist. No. 1*, 82 F.3d at 1499.  "Complete de novo review, however, is inappropriate."  *Amanda J. ex rel. Annette J. v. Clark County Sch. Dist.*, 267 F.3d 877, 887 (9th Cir. 2001).  Courts should not "substitute their own notions of sound educational policy for those of the school authorities which they review."  *Rowley*, 458 U.S. at 206; *see also Gregory K.*, 811 F.2d at 1311.  Courts must "give[] 'due weight' to the decisions of the states' administrative bodies" and "defer to their 'specialized knowledge and experience.'"  *Amanda J.,* 267 F.3d at 888 (quoting *Rowley*, 458 U.S. at 206-08).  The extent of deference to be given to the hearing officer's decision is within the discretion of the reviewing court.  *See Gregory K.*, 811 F.2d at 1310.  Where the hearing officer issues a decision that is "careful, impartial . . . and . . . sensitiv[e] to the complexities of the issues presented," that decision is entitled to substantial weight.  *Ojai*, 4 F.3d at 1476; *see also Glendale Unified Sch. Dist. v. Almasi*, 122 F. Supp. 2d 1093, 1099-1100 (C.D. Cal. 2000).

"The traditional test of findings being binding on the court if supported by substantial evidence, or even a preponderance of the evidence, does not apply.  This does not mean, however, that the findings can be ignored.  The court, in recognition of the expertise of the administrative agency, must consider the findings carefully and endeavor to respond to the hearing officer's resolution of each material issue.  After such consideration, the court is free to accept or reject the findings in part or in whole."  *Gregory K.* 811 F.2d at 1311 (quoting *Town of Burlington v. Dept. of Educ.*, 736 F.2d 773, 792 (1st Cir. 1984)).

Compliance with IDEA is determined by both a procedural and substantive evaluation.  *See Seattle Sch. Dist., No. 1*, 82 F.3d at 1498; *see also Capistrano*, 59 F.3d at 891.  First, the court must determine whether the State complied with the procedures of the Act, including the creation of an IEP.  *See Rowley*, 458 U.S. at 207 n.27.  "'[P]rocedural inadequacies that result in the loss of educational opportunity,' or seriously infringe the parents' opportunity to participate in the IEP formulation process, or that 'caused a deprivation of educational benefits,' clearly result in the denial of a FAPE. . . .  An IEP which addresses the unique needs of the child cannot be developed if those people who are most familiar with the child's needs are not involved or fully informed."  *Amanda J.*, 267 F.3d at 892 (internal citations omitted).  If the procedural flaws do not result in a loss of educational opportunity or do not significantly restrict parents' participation in the IEP process, then a FAPE was not denied.  *See L.M. ex rel.*

JS-6;  O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

*Sam M. v. Capistrano Unified Sch. Dist.*, 538 F.3d 1261, 1268 (9th Cir. 2008) (citing *W.G. Board of Trustees of Target Range Sch. Dist. No. 23*, 960 F.2d 1479, 1484 (9th Cir. 1992)).

Second, the Court must determine, from a substantive standpoint, whether the program is "reasonably calculated to enable the child to receive educational benefits." *Rowley*, 458 U.S. at 207. The court must focus "primarily on the District's proposed placement, not on the alternative that the family preferred." *Gregory K.*, 811 F.2d at 1314. Even if the parents' preference is better for the child, the District's placement is still appropriate if it was reasonably calculated to provide educational benefit to the child. *See id.* The adequacy of the District's placement is not judged in hindsight; rather, it is judged at the time the IEP was drafted. *See Adams v. State of Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999).

## III.  DISCUSSION

### A.  The District has not Demonstrated that the ALJ Erred in Concluding that the District's Failure to Timely Assess Student Resulted in a Denial of FAPE.

#### 1.  The ALJ did not err in holding that the District failed to timely assess Student for ED.

In addressing issue number one, the ALJ found that the District denied Student a FAPE by failing to assess him for emotional disturbance (ED) prior to June 1, 2008.[3]

---

[3] The District also failed to timely convene an IEP team and develop an IEP. Grandparents first referred Student for special educational assessment by their letters of January 4 and January 12, 2008. (OAH001380.) The IEP team meeting should have been held no later than April 18, 2008, but was not scheduled to be held until April 24, 2008. (*Id.*) Although Grandparents then requested a continuance of the April 24, 2008 meeting until May 8, 2008, no IEP was developed at the May 8, 2008 meeting. It was not until June 12, 2008 that the District made its offer of services and placement. (OAH001383.) These delays, however, were not the basis of the due process complaint.

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

The District argues that the ALJ erred in reaching this conclusion. (District's Opening Br. at 12:14-13:9.)  The District argues that there is "no evidence that Student ever made any request for assessment that was denied by the District.  Instead, the District proceeded with due diligence in holding a student support-team meeting, conducting assessments, and holding multiple IEP team meetings before making a FAPE offer."  (*Id*. at 13:4-7.)

Contrary to the District's characterization of events, the Administrative Record supports the finding that the District did not timely assess Student in all areas of suspected disability.  Specifically, as set forth below, the District failed to assess Student for behavioral problems that were suspected of impeding his education.

Grandparents first referred Student for special educational assessment by their letters of January 4 and January 12, 2008.  (OAH001380.)  The District's assessment plan was not formulated until February 7, 2008 (nine days later than it was due under the relevant statutes).[4]  The following day, on February 8, 2008, Grandparents requested an FAA, which was never performed.  As the ALJ noted, had that FAA been timely conducted, it would have been completed and discussed at the initial IEP team meeting on May 8, 2008.[5] (OAH001381, OAH Decision ¶ 22.)  The FAA would have enabled the

---

Nor did the ALJ find that they resulted in a denial of FAPE.

[4]  The ALJ specifically noted that this nine-day delay did not amount to a denial of FAPE.

[5] The District also (rather unclearly) argues that the ALJ erred, as a factual matter, in finding that Student requested an FAA.   The District asserts that the ALJ "conflated various discrete behavioral terminology [sic]."  (District's Opening Br. at 15:6.)  The District then goes on to argue that the ALJ "used the terms FAA and FBA [Functional Behavioral Analysis] interchangeably to support her finding that the District's failure to perform an FAA assessment of Student resulted in a denial of FAPE." (*Id*. at 16:7-9.)   As best the Court can tell, the District's argument is that the ALJ erred in finding that the Grandparents requested an FAA, because Grandparents actually requested an FBA.  Not only does the District fail to explain the analytic or legal significance of this purported error, but it appears from the record that Grandparents did request an FAA by way of letter dated February 8, 2008. (OAH001171.)  The District abandons this argument in its Reply Brief; accordingly, the Court will not devote any further analysis to it.

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al*. | | |

IEP team to consider strategies to address behavioral problems that impeded Student's learning or that of others. The IEP team was required to do this when Student exhibited such behavioral problems (which, as explained below, Student did). *See* Cal. Ed. Code § 56341.1(b)(1) ("In the case of a pupil whose behavior impedes his or her learning or that of others, [the IEP team shall] consider the use of positive behavioral interventions and supports, and other strategies, to address that behavior."). Additionally, the IEP team was unable to formulate a BIP because it had not first conducted an FAA. *See* Cal. Code Regs., tit. 5, § 3052(a)(3) ("Behavioral intervention plans shall be based upon a functional analysis assessment, shall be specified in the individualized education program, and shall be used only in a systematic manner in accordance with the provisions of this section.").

The ALJ also found that the District failed to conduct a sufficiently comprehensive assessment to identify all of Student's needs "whether or not commonly linked to ADHD." (OAH001382, OAH decision ¶ 25.) In so finding, the ALJ relied on the expert testimony of Dr. Patterson (an educational and clinical psychologist, *see* OAH001362) who "convincingly testified that the District should have identified psychological conditions which are co-morbid with ADHD to [aid] in the development of a behavior intervention plan." (OAH001382.) The ALJ concluded that until such an assessment was performed, it is "unknown as to what, if any, psychological and neurological conditions exist that inform Student's behaviors and are responsive to specific interventions." (*Id*.) In other words, as with the FAA, the District's failure to perform this assessment prevented the District from crafting an IEP and making an offer of placement that provided student a FAPE in the least restrictive environment.

The ALJ also noted that at the May 8, 2008 IEP team meeting, the school principal expressed concerns about Mr. Wilson's (the school psychologist) initial assessment. (OAH001382, OAH Decision ¶ 24.) The principal and rest of the IEP team instructed Mr. Wilson to prepare an additional assessment of Student's behaviors. The ALJ noted that despite this instruction, Mr. Wilson did not prepare his assessment report for ED until June 1, 2008. (*Id*.) Although the IEP team received this last minute assessment, the June 12, 2008 IEP "did not contain any behavior goals and expressly acknowledged that Student's behaviors were not being addressed through goals." (OAH001371, OAH Decision ¶ 102.) Although Mr. Wilson appears to have prepared a BSP, he did not

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|----------|----------------------|------|----------------|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

present or discuss it at the June 12, 2008 IEP team meeting.[6]  No BSP was attached to the IEP or provided to Grandparents.  (*Id*. at ¶ 103.)

Thus, the District is incorrect in its assertion that it proceeded with "due diligence" in conducting assessments.  The District's failure to perform the FAA and related behavioral assessments meant that the District did not have sufficient information and guidance to develop an IEP with measurable behavior goals and interventions, which resulted in a loss of educational opportunities. (OAH001382.)

2.   The District has not demonstrated that the ALJ's finding that Student was denied a FAPE was in error.

The District argues that even if it did fail to timely assess Student for ED, Student was not denied a FAPE.  (District's Opening Br. at 13:8-18:11.)  The District offers the following reasons why the ALJ's conclusion that Student was denied a FAPE was in error: (1) There was no finding that Student exhibited ED prior to June 1, 2008 (*Id*. at 14:12); and (2) Student received high marks through the end of the 2007/2008 school year.  The Court will address each of these arguments in turn.

- "There was no finding that Student was eligible for ED prior to June 1, 2008."

To begin with, the District has not explained why the ALJ was required to make this finding in order to have found a denial of FAPE.  The premise behind the ALJ's conclusion that Student was denied a FAPE is that the District failed to timely assess Student for ED, and therefore there was no way the District even knew what was an "appropriate" education for Student.  (*See, e.g.,* OAH Decision ¶ 24, OAH001382.) ("District's failure to fully assess Student's emotional needs before June 1, 2008 further delayed an educational program that addressed Student's severe behavior and emotional challenges.")  This failure to timely assess constituted a procedural inadequacy that "result[ed] in the loss of educational opportunity." *Amanda J.*, 267 F.3d at 892 (internal

---

[6] During the OAH hearing Mr. Wilson testified that he did not present the BSP at the IEP team meeting because he "ran out of time." (OAH001371, OAH Decision ¶ 103.)

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

citations omitted).  Accordingly, the ALJ's finding that Student was denied a FAPE was not based on the notion that Student should have been found eligible for ED prior to June 1, 2008.

Second, the District is wrong as a factual matter.  The ALJ noted that Mr. Wilson prepared a second psychoeducational report of Student's behavior and emotional status following the May 15, 2008 IEP team meeting, and he "concluded that Student met the eligibility criteria for special education as a pupil who is ED." (OAH Decision ¶ 94, OAH001369.)  His conclusion was based on a review of prior testing of Student and notes from Student's teachers, counselor, and the school principal, *id*., which the ALJ described in detail in her factual findings.  Accordingly, there is ample evidence in the record to support a finding that Student exhibited ED prior to June 1, 2008.

- "Student received high marks through the end of the 2007/2008 school year."

While it is true that Student performed satisfactorily in certain areas (limited to academic subjects), this finding would not mean that Student received a FAPE.  As the ALJ noted, "[t]he measure of whether Student received an educational benefit extends to his social and emotional needs that affect academic progress." (OAH001382.)   Thus, although Student performed satisfactorily in academic subjects, there is ample evidence in the Administrative Record that Student was under-performing in a variety of other areas.  The ALJ noted that Student was "only accessing about 50 percent of his classroom instruction or activities due to his behaviors." (OAH001387, OAH Decision ¶ 43.)  The Administrative Record is replete with examples of Student's behavioral and interpersonal problems, and evidence that these problems interfered with his education.   For example, in his report card for the first quarter of the 2007-08 school year Student received a "Not Satisfactory" rating in over half of the categories under the heading "Social Skills and Work Habits." (OAH001157.)  In the remaining categories under this heading, Student received a "Satisfactory."   In no category did Student receive an "Excellent," which is the highest rating.  In the area of academics, Student received ratings of "Proficient" or "Basic;" in no area did he receive an "Advanced" rating. (*Id*.)   Accordingly, even through Student may have received passing marks in certain academic areas, the District has not demonstrated that Student was not denied a FAPE.

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

### B.   The District has Failed to Demonstrate that the ALJ Impermissibly Expanded the Issues in the Due Process Hearing.

Second, the District argues that the ALJ erred in allowing Student to expand the scope of the Due Process hearing complaint.  Specifically, the District argues that Student expanded the scope of the due process hearing beyond the 2007-2008 school year.[7]  The District contends that this expansion of issues contravenes Cal. Educ. Code § 56502(e), which authorizes a party to file an amended due process hearing complaint.[8]

Student responds that the issue was brought up in its Prehearing Statement, which was filed on September 3, 2008 (over one month before the commencement of the hearing).  Specifically, Student points to the part of his Prehearing Statement that states:

At issue in this case is the six (6) year old Student's entire program, both procedurally and substantively from the time he entered the District in September

_____

[7] The District also argues in its Opening Brief that Student expanded the scope of the due process hearing to include a claim that the District's failure to timely assess Student resulted in a denial of FAPE.  As the ALJ noted in her decision, and as Student points out in his Opposition, this issue was captured in the due process complaint.  Moreover, Student clarified in his Prehearing Statement that he was raising that issue at the hearing.  However, the District abandons this argument in its Reply, so the Court will not address it further.

[8] Section 56502(e) states:

A party may amend a due process hearing request notice only if the other party consents in writing to the amendment and is given the opportunity to resolve the hearing issue through a meeting held pursuant to Section 1415(f)(1)(B) of Title 20 of the United States Code, or the due process hearing officer grants permission, except that the hearing officer may only grant permission at any time not later than five days before a due process hearing occurs. The applicable timeline for a due process hearing under this chapter shall recommence at the time the party files an amended notice, including the timeline under Section 1415(f)(1)(B) of Title 20 of the United States Code.

JS-6;  O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al.* | | |

2007 until present.  This District has denied this Student a FAPE by failing to timely assess in all areas of need and hold IEP Team meetings, failing to develop goals and objectives in the Student's areas of unique needs, failing to refer the student to County Mental Health, even after he was found to be emotionally disturbed, and neglecting to develop a behavior support plan, even after teacher reports that [Student's] behavior was interfering with learning by the entire class.

(OAH001592.)  Student also claims that the "issues were discussed extensively during prehearing conferences on October 2 and October 10, 2008," although he does not cite to evidence that supports his claim.  (Student's Reply Br. at 15.)  Student is nevertheless correct that these issues were discussed at the prehearing conferences, and the District objected to the ALJ's consideration of them in the due process hearing.  (*See* OAH00029:6-00030:1; OAH000037:8-23; OAH000410:17-000411:18.)  In response to the District's objections, the ALJ repeatedly stated that she was permitting the issues to be raised notwithstanding the fact that they were not explicitly spelled out in the due process complaint.  The reasons she gave were that Student was entitled to have his due process complaint construed liberally, and that a fair reading of the complaint suggested that the 2008/2009 school year would be at issue.  (October 10, 2008 Hearing, OAH00041:1-2; 278:23-279:4.)

Although Student did not explicitly state that he was filing for due process based on the District's failure to offer a FAPE for the 2008/2009 school year, his due process complaint did raise issues that at the very least suggested that he was asserting such a claim.  Specifically, Student raised the issue of whether the District "develop[ed] goals and objectives which addressed all the areas of Student's unique needs[.]"  (OAH001401-05.)  The goals and objectives that the District developed were for both the 2007/2008 and 2008/2009 school year.  (*See, e.g.*, OAH001387) (noting that the "District was prepared to offer Student [special placement] at the June 12, 2008 IEP meeting for summer [session] and the 2008-2009 school year").  Accordingly, the Court agrees with

JS-6;  O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1427 AHM (CWx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | COMPTON UNIFIED SCHOOL DISTRICT v. A.F. *et al*. | | |

the ALJ that the issues addressed at the due process hearing did not exceed the scope of the due process complaint.[9]

## IV.   CONCLUSION

For the reasons stated above, the Court AFFIRMS the OAH decision.[10]

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

_____ : _____

Initials of Preparer                        SMO

**JS-6**

_____

[9] Moreover, the District has not pointed to any prejudice it suffered as a result of Student's purported enlargement of the issues.

[10] Yet the Court is compelled to add an important observation: the District's overall conduct was far from blameworthy.  The District did not entirely ignore Student's needs by any means.  It tried—and in good faith—to respond to the fast-moving developments that are set forth above.  It is because the IDEA imposes exacting requirements on a school district that Student has prevailed here.